UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Omega Temesgen, | Case No.: 2:23-cv-00102-JAD-EJY |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Clark County Detention Center Medical Staff, | |
| Defendants | |

Plaintiff Omega Temesgen brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Clark County Detention Center.[1] On February 7, 2023, the magistrate judge denied Temesgen's incomplete application to proceed *in forma pauperis* without prejudice to file a new fully complete application or pay the $402 filing fee for a civil action by March 7, 2023.[2] The magistrate judge warned Temesgen that this action could be dismissed if he failed to file a new fully complete application to proceed *in forma pauperis* or pay the required filing fee by the deadline.[3] That deadline expired and Temesgen did not file an application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A

---

[1] ECF No. 1-1.

[2] ECF No. 3.

[3] *Id.* at 1.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[5]  In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Temesgen's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9]  Because this action cannot realistically proceed until and unless Temesgen either files a fully complete application to proceed *in forma pauperis*

---

[5] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[6] *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception because there is no evidence that Temesgen needs additional time, or that he did not receive the court's order. Setting a second deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** based on Temesgen's failure to file a complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with the magistrate judge's February 7, 2023, order. The Clerk of Court is directed to **enter judgment accordingly and close this case**. No other documents may be filed in this now-closed case. If Temesgen wishes to pursue his claims, he must file a complaint in a new case and either properly apply to proceed *in forma pauperis* or pay the $402 filing fee.

Dated: March 30, 2023

_____
U.S. District Judge